UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

WNI 18-022004
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856)793-3080
Chandra M. Arkema - 029552006
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Courtney A. Martin - 098782016
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
ATTORNEYS FOR WELLS FARGO BANK, NA

IN RE:

KEITH R. DEVAN AND
CASSANDRA JONES DEVAN F/K/A
CASSANDRA JONES MELTON A/K/A
CASSANDRA J. DE VAN, DEBTORS

Order Filed on October 23, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

CASE NO.: 18-14904-ABA

HEARING DATE: NOVEMBER 28, 2018

JUDGE: HONORABLE ANDREW B. ALTENBURG, JR.

## CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION OF PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby ORDERED.

**DATED: October 23, 2018**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

This matter having come before the Court by Robert H. Johnson, attorney for Debtors upon the filing of a Chapter 13 Plan, and Wells Fargo Bank, N.A., hereinafter "Secured Creditor," by and through its Authorized Agent, SHAPIRO & DENARDO, LLC, and parties having subsequently resolved their differences with regard to the Debtors' Chapter 13 Plan; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and the Court having considered the parties' application for entry of this Consent Order; AND FOR OTHER GOOD CAUSE SHOWN,

1. Secured Creditor is the holder of a mortgage dated October 8, 2009, given by the Debtors, Keith R. DeVan and Cassandra J. DeVan, on real property located at 112 North King Street, Magnolia, New Jersey 08049, hereinafter "subject property," to secure payment of the sum of $158,272.00; which mortgage is recorded or registered in the office of the Clerk or Register of Camden County in Book 09132 of Mortgages on page 0374.

2. Secured Creditor filed a Proof of Claim (Claim No.: 4-1) on May 11, 2018; listing a total secured claim of $203,521.13 with respect to the amounts secured by the mortgage referenced in Paragraph 1 of this Order.

3. Debtor and Secured Creditor agree to allow Debtor to modify, pursuant to 11 U.S.C. §1322(b)(2) and all other applicable statutes, the secured portion of this claim to $125,000.00. Any and all remaining portion of Secured Creditor's claim shall constitute a general unsecured claim.

4. Debtor shall remit to Secured Creditor, through the Chapter 13 Plan, the entire secured portion of the claim, as defined in Paragraph 3, $125,000.00, along with any and all interest that has accrued on this sum, as defined in Paragraph 5; within the remaining months of Debtor's Chapter 13 Plan.

5. Interest shall accrue on any remaining portion of the secured claim, as defined in Paragraph 3 at the rate of 5.75% per annum, starting at the time of Confirmation of Debtor's Chapter 13 Plan. Debtor shall fully satisfy this secured claim and accrued interest thereof within the Chapter 13 Plan.

6. Trustee shall disburse to the Secured Creditor the Sum of $141,841.14 to represent the payment in full of the secured portion and all accrued interest.

7. Debtor and Secured Creditor agree that the property taxes and homeowners insurance connected to the subject property shall remain escrowed. If the Debtor fails to tender any escrow payment to Secured Creditor within thirty (30) days of the date the payment becomes due, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Collateral by submitting a Certification of Default to the Bankruptcy Court, specifying the Debtor's failure to comply with this Consent Order, with a copy of any application, supporting certification, and proposed Order to be served on the Chapter 13 Standing Trustee, Debtor's Counsel, if any, and the Debtor as required by the local bankruptcy rules.

8. Secured Creditor's claim referenced in this Order, shall be reviewed every six (6) months by Secured Creditor and Debtor; and any adjustments shall be made by Consent Order acceptable to both parties

9. In the event Debtor's Chapter 13 Plan does not complete, Debtor agrees Secured Creditor's lien as to the subject property is retained to the fullest amount permissible under New Jersey law.

10. Creditor agrees this Order resolves the Objection to Confirmation of Plan filed on April 19, 2018; ECF Doc. No.: 18.

11. This Consent Order is hereby incorporated into Debtor's Chapter 13 Plan.

We hereby consent to the form, content,
and entry of the within Order.

Shapiro & DeNardo, LLC

_____          Date: 10-22-18
Charles G. Wohlrab, Esquire
Attorney for the Secured Creditor

_____          Date: 10/22/18
Robert H. Johnson, Esquire
Attorney for the Debtors