| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| ROBERT H. JOHNSON LLC<br>1818 Old Cuthbert Road, Suite 107<br>Cherry Hill, NJ 08034<br>(856) 298-9328<br>Attorneys for Debtor<br>Robert H. Johnson (RJ-0077) |
| In Re:<br><br>  Keith R. DeVan,<br><br>                        Debtor. |

Chapter 13

Case No. 18-14904 (ABA)

Hearing Date:  April 25, 2022
Hearing Time: 10:00 a.m.

### RESPONSE TO OBJECTION TO DEBTOR'S MOTION TO CANCEL AND DISCHARGE MORTGAGE

Keith R. DeVan, (the "Debtor"), through his attorney, hereby responds to WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I's (the "Secured Creditor") opposition to the Motion to Cancel and Discharge Mortgage and states as follows:

1. The Secured Creditor does not deny or object that the Debtor has successfully completed his chapter 13 plan, which provides for the discharge and cancellation of record of the mortgage held by Secured Creditor on property located at 112 N. King Street, Magnolia, NJ 08049.

2. Additionally, the Secured Creditor does not deny or object that Debtor has filed a Certification in Support of Discharge and that the Chapter 13 Trustee has issued a Plan Completion Letter.

3. Rather, the Secured Creditor only indicates that the Debtor is delinquent for post-petition payments.

4. Rule 3015(g) provides that "any determination made under Rule 3012 about the amount of a secured claim is binding on the holder of the claim, even if the holder files a contrary proof of claim or the debtor schedules that claim, and regardless of whether an objection to the claim has been filed.

## BACKGROUND

5. On March 14, 2018, the Debtor filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code.

6. On March 14, 2018, the Debtor also filed a Chapter 13 Plan and Request for Valuation of Security, Motion for Lien Avoidance and Assumption of Executory Contracts and Unexpired Leases ("Debtor's Plan").

7. Specifically, the Debtor's Plan proposed to cram down Wells Fargo Bank, N.A's ("Wells") secured claim of $202,114 ("Original Claim") to $110,000.

8. On April 19, 2018, Wells objected to Debtor's Plan.

9. After conducting appraisals of real property and negotiation, the parties entered on October 23, 2018, a Consent Order Resolving Objection to Confirmation of Plan; ECF Doc: 49 ("Cramdown Consent Order").

10. Specifically, the Cramdown Consent Order fixed Wells' Secured Claim to $125,000 at 5.75% for a sum of $141,841.14 ("Crammed Amount") and incorporated the Crammed Amount into the Debtor's Chapter 13 Plan.

11. On January 24, 2019, an Order was entered Confirming the Debtor's Chapter 13 Plan ("Confirmed Plan").

12. Subsequently, due to issues with the Debtor's disability, he fell behind with Plan Payments. In order to be proactive and explore all options, the Debtor filed a Motion for Approval

to Participate in the Court's Loss Mitigation Program on May 8, 2019 ("Loss Mit Motion').

13. On May 13, 2019, Wells objected to the Loss Mit Motion.

14. On May 28, 2019, the Trustee filed a Certification of Default.

15. On June 9, 2019, the Debtor filed a Modified Chapter 13 Plan, proposing a Loan Modification with the Wells Secured Claim and lower his monthly plan payments.

16. On July 2, 2019, Consent Order resolving Objection to Motion for Approval to Participate in the Court's Loss Mitigation Program entered on July 2, 2019; ECF Doc: 68 . ("Loss Mit Order") was entered resolving the Loss Mit Motion.

17. The Loss Mit Order was entered as the Modified Chapter 13 Plan proposed to treat Wells Fargo differently than the Confirmed Plan, making the Cramdown Consent Order moot.

18. <u>More importantly</u>, Wells wanted assurances that the Debtor was not attempting to modify the Crammed Amount, but rather modify the Original Amount.

19. In the beginning of September, the Debtor's disability payments were finalized, making the Confirmed Plan feasible.

20. As a result, On September 11, 2019 the Debtor withdrew his Modified Plan.

21. It was made abundantly clear that the Debtor's intention was to proceed with the Confirmed Plan. Despite correspondence and teleconferences between Debtor and Well's counsel regarding the conflicting Orders, no specific action taken to address the conflicting Orders.

22. On May 13, 2021, Wells transferred their claim to the Secured Creditor.

23. On January 20, 2022, to avoid any ambiguities and clear up conflicting Orders, the Debtor filed a Motion to Vacate the Loss Mit Order ("Motion to Vacate").

24. However, after questions whether the filing of the Motion to Vacate is proper procedure, Debtor withdrew the Motion to Vacate on March 21, 2022.

## ARGUMENT

25. The Trustee's Office has continued to pay Secured Creditor based on the Confirmed Plan and the Crammed Amount.

26. Wells and Secured Creditor have continued to accept the Trustee's payments on the Confirmed Plan and the Crammed Amount.

27. The Confirmed Plan was clear that Secured Creditor was crammed down to the Crammed Amount.

28. The Secured Creditor was well aware of the Confirmed Plan, was noticed and actively participated in confirmation.

29. For over three (3) years, the Secured Creditor failed to file a motion to modify the Confirmed Plan. Rather, the Secured Creditor continued to accept the plan payments that were consistent with the Confirmed Plan and Crammed Amount.

30. Based on the Secured Creditor's present position, the Debtor has been in default of post-petition payments for over forty (40) months. Curiously, the Secured Creditor has never filed a motion for relief from the stay. The Secured Creditor's actions and inactions for over three (3) years is inconsistent with its current position.

31. Clearly, all parties have continued for over 4 years to abide by the Confirmed Plan.

32. Most importantly, the Confirmed Plan determined that Secured Creditor's claim was crammed down pursuant to Rule 3012.

33. The Confirmed Plan binds the Secured Claim even though it holds contrary proof of claim pursuant to Rule 3015.

34. The Debtor has successfully completed the Confirmed Plan and has filed a Certification in Support of Discharge.

35. The Chapter 13 Trustee has issued a Plan Completion Letter.

36. Therefore, the Debtor is entitled to discharge and cancel of record of the mortgage held by Secured Creditor on property located at 112 N. King Street, Magnolia, NJ 08049

WHEREFORE, it is respectfully requested that the Court enter the proposed order to Cancel and Discharge Mortgage and granting other such relief that is just and proper.

           ROBERT H. JOHNSON LLC
           Attorneys for Debtors


           By: */s/ Robert H. Johnson*
               Robert H. Johnson (RJ-0077)

Dated: April 21, 2023