

**LOGS Legal Group LLP**
Attorneys at Law

14000 Commerce Parkway, Suite B
Mount Laurel, New Jersey 08054
Tel: (856) 793-3080 • Fax: (847) 627-8809

**Partners**
Gerald M. Shapiro (licensed in FL, IL)
David S. Kreisman (licensed in IL)

**Managing Partner**
Christopher A. DeNardo (licensed in NJ, NY, PA)

July 14, 2023

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
U.S. Post Office and Courthouse
401 Market Street
Camden, NJ 08101

In Re: Keith R. DeVan and Cassandra Jones DeVan, Debtors
Case No: 18-14904-ABA
Chapter: 13
Secured Creditor:  Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust J
Our File No: CGG 18-022004

Dear Hon. Judge Altenburg:

Please accept this letter brief in lieu of a more formal response in opposition to Debtors' Motion to Cancel and Discharge Mortgage, pending before this Honorable Court.

The facts of this matter are fairly straightforward.  On October 8, 2009, Debtor Keith DeVan executed a Note, secured by a Mortgage, to secure the sum of $158,272.00, with a maturity date of November 1, 2039.  On March 14, 2018, Debtor Keith DeVan filed the instant Ch. 13 Bankruptcy at Docket 18-14904-ABA, his third bankruptcy filing after origination of the subject mortgage loan.  On May 11, 2018, Secured Creditor filed Proof of Claim No. 4, outlining a total debt amount of $203,521.13 and pre-petition arrears of $68,159.94 owing on its mortgage lien at the time of bankruptcy filing. The Proof of Claim further outlined that the account was escrowed. On October 23, 2018, a Consent Order resolving objection to confirmation of plan was entered, ECF# 49, for cram-down of Secured Creditor's claim to $125,000.00 at 5.75% interest, for a total claim of $141,841.14 to be disbursed by the Trustee. The October 23, 2018 Consent Order stated that Debtors would thereafter be responsible for payment of the escrow expenses (taxes and insurance), as this was to be a total claim payoff, albeit cram-down. An Order Confirming Chapter 13 Plan was entered on January 24, 2019, ECF# 52.

On July 2, 2019, a Consent Order was entered, ECF# 68, which *vacated* the prior total claim cram-down Consent Order at ECF# 49, *and the Secured Creditor's claim reverted to the original amount(s) listed in the Proof of Claim No. 4 as filed on May 11, 2018.*  As the October 23, 2018 Consent Order was vacated, payments received by Secured Creditor during the pendency of the bankruptcy were applied to the $68,159.94 pre-petition arrearage owed per the Proof of Claim, and then applied to post-petition payments. Also, as the October 23, 2018 Consent Order was vacated, *the Secured Creditor, and not Debtors, has paid the escrow expenses (taxes and*

*insurance) on the mortgage lien during the pendency of the bankruptcy, in the total amount of $33,481.07* (see Exhibit attached to ECF# 98).

As of April 18, 2023, the loan was showing due for the October 1, 2022 post-petition payment. On April 26, 2023, Secured Creditor filed an Amended Response to Notice of Final Cure, outlining that as of April 18, 2023, the amount of $10,681.79 was due for delinquent post-petition payments, and unpaid filed Notice(s) of Postpetition Mortgage Fees, Expenses and Charges, on the mortgage lien.  As of April 26, 2023, the amount to pay off and satisfy the mortgage lien, which does not mature until 2039, was *estimated* at $126,670.81.

Debtors have filed a Motion to Cancel and Discharge Mortgage, which was heard by this Honorable Court on May 16, 2023, and continued to August 15, 2023.  Debtors aver that Secured Creditor should be bound by the cram-down terms per the Consent Order entered October 23, 2018, as incorporated in the confirmation order.  Debtors first try to argue res judicata in support of their motion, and then argue F.R.B.P. 3015(g)(1), which states:

> (g) Upon the confirmation of a chapter 12 or chapter 13 plan:
> (1) any determination in the plan made under Rule 3012 about the amount of a secured claim is binding on the holder of the claim, even if the holder files a contrary proof of claim or the debtor schedules that claim, and regardless of whether an objection to the claim has been filed;…

F.R.B.P. 3015(g)(1).

However, Debtors' arguments are not applicable to the facts here.  Debtors' arguments do not support the proposition that a prior agreed amount of a secured claim is binding on the holder of the claim even if another agreed *order* is thereafter entered which further modifies the prior agreed amount of that claim.  Here, a post-confirmation Consent Order was entered on July 2, 2019, and the language therein was very clear.  The post-confirmation Consent Order which was entered on July 2, 2019 stated that "the modified Secured Claim amount of $125,000.00 *is now reverted to the original amount listed in the Proof of Claim (Claim No. 4-1 Filed May 11, 2018)*".  Debtors have cited no case law in support of their argument that F.R.B.P. 3015(g)(1) somehow trumps a post-confirmation negotiated and entered Consent Order.

Debtors want Secured Creditor to be bound by an order that the terms of which not only did they agree to vacate, but also that they themselves did not even adhere to. Indeed, it was the Secured Creditor, and not Debtors, who has paid the escrow expenses (taxes and insurance) on the mortgage lien during the pendency of the bankruptcy.

Post-confirmation consent orders are obviously valid and enforceable.  And Debtors are clearly aware of this, as they filed a motion on January 20, 2022 seeking to vacate the Consent Order that was entered on July 2, 2019, which motion they later withdrew.  Debtors have cited no case law which states that the Court may ignore a post-confirmation consent order.

Debtors' instant Motion to Cancel and Discharge Mortgage is improper and must be denied, as the prior cram-down order was vacated by consent, Secured Creditor has been paying the escrow expenses, and the mortgage lien has not been paid off or satisfied, as outlined above.

Thank you for your courtesy and consideration.

Very Respectfully Submitted,

LOGS LEGAL GROUP LLP

*/s/Elizabeth L. Wassall*
Elizabeth L. Wassall, Esq. 023211995

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>CGG 18-022004<br>LOGS Legal Group LLP<br>14000 Commerce Parkway, Suite B<br>Mount Laurel, NJ 08054<br>(856) 793-3080<br>ATTORNEYS FOR WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST J | |
| In Re:<br><br>KEITH R. DEVAN AND CASSANDRA JONES DEVAN,<br>DEBTORS | Case No.: 18-14904-ABA<br><br>Judge: HONORABLE ANDREW B. ALTENBURG, JR.<br><br>Chapter: 13 |

**CERTIFICATION OF SERVICE**

I, _Serkan O. Erdogan_ the undersigned

1. ☐ represent the _____ in the above-captioned matter.

   ☒ am the secretary/paralegal for Kathleen M. Magoon, Esquire and Elizabeth L. Wassall, Esquire, who represents the Secured Creditor in the above-captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On _July 14, 2023_, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

   - Secured Creditor's letter brief in lieu of a more formal response in opposition to Debtors' Motion to Cancel and Discharge Mortgage.

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

                                        Signature

Dated: _July 14, 2023_                  /s/ Serkan O. Erdogan
                                        Printed Name

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Robert H. Johnson<br>Robert H. Johnson, LLC<br>1818 Old Cuthbert Road<br>Suite 107<br>Cherry Hill, NJ 08034 | | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| Isabel C. Balboa<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>535 Route 38 - Suite 580<br>Cherry Hill, NJ 08002 | | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| Keith R. DeVan and Cassandra Jones DeVan<br>80 Penfield Lane<br>Sicklerville, NJ 08081 | | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| | | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.